CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 28 2013

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DORSEY LUTHER SHELTON, | Civil Action No. 7:13cv00109 |
| Petitioner, | |
| v. | MEMORANDUM OPINION |
| VIRGINIA DEPARTMENT OF CORRECTIONS *et al.*, | |
| Respondents. | By: Samuel G. Wilson<br>United States District Judge |

Dorsey Luther Shelton, a Virginia state inmate proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983 for injunctive relief against Virginia Department of Corrections ("VDOC") and Harold Clarke, claiming that while VDOC held him at the Green Rock Correction Center some three years ago, he had all of his teeth removed due to an undisclosed disease and officials denied his request for dentures. Because Shelton's complaint fails to state any claim for prospective relief that is not purely speculative and any claim for retrospective relief is well beyond the applicable two-year statute limitations, the court *sua sponte* dismisses pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

I.

Shelton alleges that while incarcerated at VDOC's Green Rock Correctional Center from June 2009 through some point in 2010, an undisclosed disease resulted in medical professionals there removing all of his teeth. Shelton further claims that officials denied his requests for dentures due to the lack of time remaining on his sentence. In October 2012, Shelton began serving another three-year sentence, and was initially housed at the Danville

City Jail.[1] Shelton claims that VDOC "became responsible for [his] medical, as well as physical and mental well being by being held here at a facility that doesn't uphold medical policy dictated by D.O.C. policy." His complaint also expresses a fear that his medical needs—ostensibly, dentures—will "again be refused due to supposed lack of time left to serve." Shelton does not seek damages, but rather asks for injunctive relief in the form of an "immediate medical transfer" into "state custody" to "seek relief for past failures while in custody."

## II.

Liberally construed, Shelton claims that VDOC violated his Eighth Amendment rights in not providing him with dentures during his incarceration three years ago and he speculates that VDOC will continue to violate his rights during his current term of incarceration. Because Shelton's complaint states no non-speculative claim to prospective relief and because the applicable statute of limitations has run as to retrospective relief, the court *sua sponte* dismisses his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

The court must dismiss an action or claim an inmate files against a governmental entity or its agents if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii). "[A] judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94, (2007) (citations omitted). Although the court liberally construes *pro se* complaints, Haines v. Kerner, 404 U.S. 519, 520–21 (1972), the court does not act as an inmate's advocate, *sua sponte* developing statutory and constitutional claims

---

[1] Shelton identifies the Danville City Jail as his current place of confinement in his complaint, and as part of his relief requests to be transferred "into state custody." As of the date of this opinion, it appears that Shelton has been transferred to Powhatan Correctional Center, specifically, the Reception Center at the prison, which operates as a reception and classification facility designed to intake offenders from local jails and process them into VDOC.

not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a *pro se* plaintiff).

Furthermore, if a complaint is barred by the applicable statute of limitations, it may be dismissed as frivolous pursuant to § 1915(e)(2)(B)(ii). Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 956 (4th Cir. 1995) (en banc). No federal statute of limitations applies in § 1983 actions. Wilson v. Garcia, 471 U.S. 261, 266 (1985). Accordingly, § 1983 actions are governed by the state statute of limitations applicable to general personal injury actions in the state where the alleged violations occur. Owens v. Okure, 488 U.S. 235, 239–40 (1989). Virginia has a two-year statute of limitations for general personal-injury claims. Va. Code Ann. § 8.01–243(a). Consequently, a plaintiff bringing a civil rights action under § 1983 in Virginia must do so within two years from the time his cause of action accrues. Id. The accrual of a cause of action under § 1983 for statute of limitations purposes is based on federal law. Nasim, 64 F.3d 955. A cause of action under § 1983 accrues "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Id.

Shelton's complaint presents no claim for prospective relief that is not purely speculative. He makes no intelligible claim regarding how VDOC continues to fail to meet his medical, physical, or mental needs; his complaint simply expresses his fear that VDOC will deny him some sort of medical care in the future, as he alleges happened at Green Rock

3

Correctional Center.² The court therefore dismisses his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

It is also apparent that even if Shelton was to seek retrospective relief in the form of damages, the statute of limitations has run. Shelton's own allegations reveal that he believed as early as 2009 that VDOC harmed him by not providing him with dentures following the extraction of all his teeth. Consequently, he possessed sufficient facts about the harm done to him at that time that a reasonable inquiry would have revealed his cause of action. His current suit, therefore, comes at least one year past the applicable two-year statute limitations.³ Accordingly, the court considers this action to be frivolous under § 28 U.S.C. 1915(e)(2)(B)(ii).

### III.

In accordance with the memorandum opinion entered on this day, the court *sua sponte* dismisses Shelton's complaint with prejudice.

**ENTER:** March 28, 2013.

UNITED STATES DISTRICT JUDGE

---

² Moreover, it appears that with respect to his current term of incarceration, Shelton has already been processed out of the Danville City Jail and into VDOC, rendering his request to be transferred into state custody moot.

³ As the Nasim court concluded, in screening an *in forma pauperis* prisoner complaint, a district court may consider a statute of limitations defense *sua sponte* when the face of the complaint plainly reveals the existence of that defense. See Nasim, 64 F.3d at 953–54. While Shelton does not request monetary damages, his apparent request for injunctive relief is not only rendered moot because he is no longer subject to the policies or personnel of Green Rock Correctional Center, where the alleged violation occurred, but also time barred by Va. Code Ann. § 8.01-243(a).